UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAMON MORGA,<br><br>  Plaintiff,<br><br>  v.<br><br>JONES, et al.,<br><br>  Defendants. | Case No. 2:23-cv-02021-ART-MDC<br><br>ORDER |

Plaintiff Ramon Morga brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 6. On September 5, 2024, this Court screened Morga's first amended complaint ("FAC") and granted Morga leave to amend certain claims. ECF No. 8. Morga, however, did not file a second amended complaint ("SAC").

In the order screening the FAC, the Court found that Morga alleged a colorable Eighth Amendment deliberate indifference to serious medical needs claim, but his only colorable claim was asserted against a Doe Defendant. ECF No. 8 at 11. The Court instructed Morga that if he chose not to file a SAC, this action would proceed on the Eighth Amendment deliberate indifference to serious medical needs claim against Doe Defendant only when Morga learns the identity of Doe Defendant and files a motion to substitute the Doe Defendant with his or her true name by November 4, 2024. *Id.* at 12. The Court warned Morga that the action could be dismissed if he failed to file a motion to substitute or a timely motion to extend by that deadline. *Id.* at 14. That deadline expired and Morga did not file motion to substitute, move for an extension, or otherwise respond.

//

1

## I.   DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Morga's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*

1  the party has disobeyed a court order does not satisfy this factor); *accord*
2  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
3  "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
4  pursuit of less drastic alternatives prior to disobedience of the court's order as
5  satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
6  with the warning of dismissal for failure to comply[,]" have been "eroded" by
7  *Yourish*). Courts "need not exhaust every sanction short of dismissal before
8  finally dismissing a case, but must explore possible and meaningful
9  alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).
10 Because this action cannot realistically proceed until and unless Morga files a
11 motion to substitute Doe Defendants, the only alternative is to enter a second
12 order setting another deadline. But the reality of repeating an ignored order is
13 that it often only delays the inevitable and squanders the Court's finite
14 resources. The circumstances here do not indicate that this case will be an
15 exception: there is no hint that Morga needs additional time or evidence that he
16 did not receive the Court's screening order. Setting another deadline is not a
17 meaningful alternative given these circumstances. So the fifth factor favors
18 dismissal.

19 **II.    CONCLUSION**

20     Having thoroughly considered these dismissal factors, the Court finds
21 that they weigh in favor of dismissal.
22     It is therefore ordered that this action is dismissed without prejudice
23 based on Morga's failure to file a motion to substitute Doe Defendant in
24 compliance with this Court's September 5, 2024, order. The Clerk of Court is
25 directed to enter judgment accordingly and close this case.
26     No other documents may be filed in this now-closed case. If Morga wishes
27 to pursue his claims, he must file a complaint in a new case.
28     It is further ordered that Morga's applications to proceed *in forma*

3

*pauperis* (ECF Nos. 5, 7) is denied as moot.

Dated this 19th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4